UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RODGER SERATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11CV00126 SNLJ |
| | ) | |
| RUSSELL D. OLIVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on pro se plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction, #16, and Motion for Immediate Hearing, #17.  Defendants Oliver and Hefner – the only defendants served to date – have filed a response in opposition, #22, but plaintiff has not filed a reply thereto though granted leave to do so by February 24, 2012.

Plaintiff requests this Court to enter an order enjoining the enforcement and application of Missouri House Bill 641, which is an amendment to § 195.017, RSMo, effective August 28, 2011, adding various substances to the list of Schedule I controlled substances within that statute, and in particular, a number of "synthetic cannabinoids" defined by chemical composition.  This amendment, plaintiff claims, is "vague and ambiguous" and

> is written in such a fashion as to authorize defendants, and each of them, to forbid the use, sale, distribution and manufacturing of, not only the unlawful substances it is forecast to forbid, but also to forbid the sale, use, distribution and manufacturing of laboratory certified, legitimate and lawful natural health enhancing products.

Plf's Motion for TRO, #16, pp. 4-5.

The lawful natural health-enhancing products to which plaintiff refers are "incense" and "bath salts" that plaintiff wishes to sell commercially.  Plaintiff also asks for injunctive relief

prohibiting defendants from engaging in any unconstitutional or otherwise unlawful acts directed toward him during this litigation.  This latter claim, however, emanates from and is dependent upon the success of plaintiff's claim that the H.B. 641 amendment is unlawful in the first place.

Plaintiff's right to injunctive relief is subject to four factors:  "(1) the probability of success on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between the harm and the injury that granting the injunction will inflict on other interested parties, and (4) the public interest." *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006).  Furthermore, "the party seeking injunctive relief bears the burden of proving these factors." *Id*.  After careful consideration of plaintiff's motion, and in view of the fact that plaintiff's allegations and arguments are largely conclusory and without citation to authority, it is clear that plaintiff has failed in meeting that burden.

First, the probability of success on the merits is little or none.  Plaintiff's contention that H.B. 641 and its inclusion of synthetic cannabinoids into the list of Schedule I controlled substances is "vague and ambiguous" makes no sense.  The amendment to the statute sets out express and specific references to each chemical compound that is prohibited, § 195.017.2(4)(ll), so that there can be no question about which substances are prohibited and which are not.  To the extent that plaintiff's real claim is that the statute prohibits both unlawful substances and what he deems lawful substances  –  *i.e.*, "lawful natural health enhancing products" (the incense and bath salts he wishes to sell)  –  the probability of success is no greater.  This appears to be a challenge to the police power of the state to regulate the use and dissemination of substances based on their perceived harmful effects, rather than a challenge based on a vague and ambiguous statute.  After all, plaintiff makes no claim that the incense and bath salts that he wishes to sell are not covered

under the statute, just that they should not be.  In any event, the State of Missouri has full authority in the exercise of its broad police powers and in the interest of public health and welfare to impose criminal sanctions for the manufacture, sale and possession of controlled substances, including plaintiff's incense and bath salts.  *Robinson v. State of California*, 370 U.S. 660, 664 (1962).

  Plaintiff fares no better on the other three factors.  In regard to any threat of irreparable harm, it is well-settled that an injunction will not lie if plaintiff has an adequate remedy at law, *i.e.*, an action for monetary damages.  *Frank K. Hall & Co. v. Alexander & Alexander, Inc.*, 974 F.2d 1020, 1025 (8th Cir. 1992).  In fact, plaintiff has asserted claims for monetary damages in this very lawsuit for the same conduct that he claims might occur in the future.  By these claims, in other words, he tacitly concedes that damages will make him whole.  The other two factors – (3) the balance between the harm and the injury that granting the injunction will inflict on other interested parties, and (4) the public interest  –  overlap completely because in this instance, the public interest  is the same interest as that of the other interested parties, the named defendants.  The general public has an interest in prohibiting the manufacture, sale and possession of potentially dangerous and harmful drugs and in enforcing laws addressed to that purpose.  *Robinson v. State of California*, 370 U.S. at 664.  Obviously, these measures are for the protection of the public health and welfare, and this consideration alone is sufficient to outweigh any harm that may come to plaintiff.

  For the foregoing reasons, the motion for temporary restraining order/preliminary injunction is **DENIED** and the motion for immediate hearing is denied as moot.

**SO ORDERED** this 28th day of February, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE